```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK, et al.,

            Plaintiffs,

        v.                              17 Civ. 2990 (GBD)
                                        Telephone Conference
METROPOLITAN TRANSPORTATION
AUTHORITY, et al.,

            Defendants.

------------------------------x
                                        New York, N.Y.
                                        November 3, 2021
                                        9:45 a.m.

Before:

              HON. GEORGE B. DANIELS,

                                        District Judge

                  APPEARANCES

SHEPPARD MULLIN RICHTER & HAMPTON
     Attorneys for Plaintiffs
BY:  DANIEL C. BROWN

HOGUET NEWMAN REGAL & KENNEY LLP
     Attorneys for Defendants
BY:  IRA J. LIPTON
```

1         (The Court and all parties appearing telephonically)
2         (Case called)
3         THE COURT:  Good morning.
4         MR. BROWN:  Good morning, your Honor.
5         MR. LIPTON:  Good morning, your Honor.
6         THE COURT:  Let me get from you, each side, and maybe
7    you'll agree on how we should proceed at this point.  The
8    question is whether or not you want to submit further briefing
9    or you think that further discovery is appropriate.
10        Let me start with the plaintiff, please.
11        MR. BROWN:  Good morning, your Honor.  Daniel Brown
12   for the plaintiff.
13        We actually conferred with counsel in advance of this
14   conference.  At this point, we've agreed, and counsel will
15   correct me if I'm incorrect, to the end of February to do any
16   updated or additional supplementing of the record and
17   discovery.  Then we discussed, to the extent the parties are
18   going to move for summary judgment, updated briefing 30 days
19   after that followed by obviously oppositions and reply.
20        So I think that captures where we think we are.
21        THE COURT:  Mr. Lipton.
22        MR. LIPTON:  Yes, your Honor.  Mr. Brown stated it
23   correctly.  I would just add, in the hopper, there were also
24   the in limine motions which the circuit thought should be
25   decided.  Those could be, I think, woven into the same schedule

1  maybe when we put the supplemental motion papers in following
2  this period of limited discovery.
3           THE COURT:  Why don't you give me some proposed dates
4  so we can see when we can expect --
5           MR. LIPTON:  This is what we talked about the other
6  day, Mr. Brown stated them.  So we thought that, for a limited
7  further disclosure period, we would have until February the
8  28th.  This would be whether they're voluntary -- we don't know
9  exactly what kind of form this is going to take, but there
10 could be voluntary disclosures, there could be supplemental
11 affidavits.  We're not anticipating much in the way of
12 depositions, but a limited deposition based upon what's
13 disclosed is also possible.  So we're not going to be doubling
14 the record at this point.  But, really, more in the nature of
15 updating it and maybe focusing the testimony, if you will, to
16 the circuit's remand opinion.  So that would be February 28th.
17          THE COURT:  My understanding is that, pursuant to the
18 Second Circuit's remand, it primarily should focus both the
19 further briefing consideration and any other discovery should
20 focus on the issue of reasonable accommodation.
21          MR. LIPTON:  That is correct.  That is our
22 understanding.  I think on the other part of the case, the
23 circuit did say -- they didn't make any findings.  They did
24 state there were questions of fact.  So they disagree with your
25 Honor on summary judgment on that, but some of those questions

1   are built into the expert reports and testimony where the
2   in-limine motions addressed and those weren't considered on
3   your Honor's summary judgment decision.  So I think there could
4   be some supplemental material there possibly.  We haven't
5   really talked to our expert yet or our client, but there is a
6   possible supplement there.  I think that maybe those, if there
7   are supplemental briefings on that, and I don't know it's going
8   to be necessary, but if there were, maybe they would go in at
9   the same time that the supplemental briefings on summary
10  judgment would go in.  That would be my suggestion.
11          THE COURT:  Still, you can focus me if I'm incorrect,
12  but my reading of the opinion is that, other than articulating
13  issues specifically with regard to the city client, that the
14  additional analysis was related to reasonable accommodation,
15  not related to the broader issue that the parties argued and I
16  addressed.
17          So I want to make sure that everybody understands, and
18  if I'm going to get something significantly more than that, I
19  want to make sure that that's really what we should be
20  concentrating on, because the reasonable accommodation may or
21  may not require further discovery of supplementing the record,
22  but you are going to have to tell me whether or not you're
23  proceeding on the same set of facts or you have a different set
24  of facts.  And then we can, if it's necessary, rule on the
25  experts.  My recollection is that's really the focus of the

LB3CcenC

1  motions in limine, then rule on the experts if it's resubmitted
2  for summary judgment, then you can focus me in that direction.
3          You were saying that 2/28 would be the time period for
4  any further supplementing of the record or any further
5  discovery?
6          MR. LIPTON:  Yes, your Honor.
7          THE COURT:  And then I guess it would make sense for
8  you to submit whatever supplemental briefing that you want to
9  submit in support of your motion for summary judgment if you
10 intend to renew that motion.
11         MR. LIPTON:  Yes, your Honor.  We thought 30 days
12 after the close of the supplemental discovery period; is that
13 right, Mr. Brown?
14         MR. BROWN:  Yes.
15         THE COURT:  So by March 28th?
16         MR. LIPTON:  Yes.
17         THE COURT:  That's the date you have?
18         MR. LIPTON:  Well, actually, we had -- that would be
19 by -- I'm sorry.
20         MR. BROWN:  February 28th for the updated discovery
21 and then March 28th is okay with us.
22         THE COURT:  That would be for supplemental briefing to
23 be filed by the city?
24         MR. BROWN:  Well, whoever moves for summary judgment.
25         THE COURT:  All right.

1      MR. BROWN:  Your Honor, just to clarify, I don't think
2 there is any disagreement, but just to respond to your comment,
3 we agree that sort of the focus of the Second Circuit opinion
4 was on reasonable accommodation, however -- and we haven't --
5 I'm just not sure, but there certainly is possibly additional
6 discovery relating to whether there was an underlying violation
7 based on updated discovery.  So I think some of the discovery
8 will relate to both parts of it.
9      THE COURT:  I don't anticipate that we're going to do
10 any significant discovery related to the issues that discovery
11 has already been done on and the parties have already argued
12 and submitted.  If it seems obvious that there is a change of
13 circumstances that warrants consideration, then you should
14 discuss that right away and see if you agree.
15      MR. BROWN:  We will.
16      THE COURT:  Otherwise, I don't anticipate additional
17 discovery on the issues of the discovery that has already been
18 done, other than, as I say, limited discovery with regard to
19 reasonable accommodation to address the issues the Second
20 Circuit said should be addressed.
21      MR. BROWN:  Understood.
22      THE COURT:  So when would be the response to the
23 summary judgment motion?
24      MR. BROWN:  We would ask for April 11th.
25      THE COURT:  April 11th.  And then replies by when?

LB3CcenC

1          MR. BROWN:  I apologize.  I would ask for April 18th.

2          MR. LIPTON:  And the first date, I thought we had it

3    that that date fell on a Saturday, so it should go over to the

4    Monday.

5          THE COURT:  I have February 28th is a Monday, I have

6    March 28th is a Monday, and April 18th is a Monday.

7          MR. LIPTON:  Okay.  Two weeks to reply from April 18.

8          THE COURT:  May 2nd?

9          MR. LIPTON:  Yes.

10         THE COURT:  Then what I'm going to do is you should

11   tell me whether you want further argument.  I will schedule a

12   conference and/or argument, if that's what is appropriate.

13   Let's say May 18th at 10:30.  That will be our next proposed

14   conference for oral argument and we'll proceed on that

15   schedule.

16         Obviously, if there are any disagreements,

17   particularly with regard to further discovery, bring them to my

18   attention as quickly as possible by letter so I can resolve

19   those so you can move forward efficiently.  Otherwise, if you

20   agree on what needs to be done, let's do it in that timeframe

21   and then anticipate seeing each other on May 18th at 10:30.

22         Is there anything else we need to address today?

23         MR. LIPTON:  That's it for us, your Honor.  Thank you.

24         THE COURT:  All right.  I'll see you in May unless I

25   hear from you before then.  * * *